IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Jerome Felder, | ) | Civil Action No. 4:10-70188-TLW |
| | ) | Criminal No. 4:07-203-TLW-1 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Michael Jerome Felder. ("Petitioner" or "Defendant"). On February 28, 2007, a federal grand jury returned an indictment charging Defendant with Count 1, beginning in November 1998, and continuing through the date of indictment, conspiring to possess with the intent to distribute 50 grams or more of cocaine base ("crack"), and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and (C), and 846; Count 2, possessing with intent to distribute 5 grams or more of crack on September 20, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and Count 3, possessing a quantity of cocaine with intent to distribute on January 17, 2002. (Doc. # 1). Defendant entered a plea of not guilty on April 23, 2007, (Doc. # 9), and trial commenced on September 10, 2007. On September 12, 2007, the jury entered a verdict of guilty against Defendant on all three counts charged in the indictment. (Doc. # 68). This Court sentenced Defendant to a total term of two hundred forty (240) months. (Doc. # 80). Defendant appealed, and the Fourth Circuit Court of Appeals affirmed his convictions on April 7, 2009. (Doc. # 96).

Petitioner filed the present action on May 4, 2010, alleging several grounds for relief. (Doc. # 99). The United States of America ("Government") filed a motion for summary judgment on July 1, 2010. (Doc. # 107). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed July 2, 2010 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 108). Petitioner filed a motion for extension of time to file a response on July 19, 2010, (Doc. # 111), and a response on August 11, 2010. This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is

'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Doc. # 107). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure

of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner has asserted several claims in this action. All but one is based upon an assertion of ineffective assistance of counsel. The last claim is an argument that this Court should reconsider Petitioner's assertion that the indictment should have been dismissed with prejudice due to a violation of the Speedy Trial Act.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

**Ground 1:**

First, Petitioner states, "Counsel was constitutionally ineffective for failing to file a motion to suppress illegal seized evidence and statements elicited from petitioner as a result of

the fruits of the poison tree doctrine." (Pet. at 5).[1] Petitioner contends that the March 2002 search and seizure and the January 17, 2007 search and seizure were unconstitutional. (Memo at 7). Petitioner asserts that the March 2002 search warrant was executed upon the wrong trailer. Id. Petitioner states that the affidavit for the search warrant and the warrant itself described the trailer as brown and white. Petitioner states that while there was a brown and white trailer at the address listed on the warrant, the police searched a grey and white trailer located on the same parcel of land. Id. at 8. He states that photographs of both trailers and a copy of the affidavit in support of the search warrant were shown to the South Carolina Solicitor General, who then allegedly agreed to allow Petitioner to plead to a reduced charge "because of the bad search involved." Id. Petitioner also contends that during the search, Petitioner made incriminating statements that should have been suppressed.

Counsel for Petitioner states that he "did not think a challenge to the search would be successful." (Aff. of Howard Wayne Floyd at ¶ 3). Counsel notes Petitioner provided him with photographs of two trailers next to each other; one white with brown trim, the other grey with blue trim, white underpinning, and a white roof. Id. Counsel also notes that in one photograph the grey trailer looked beige and that, contrary to Petitioner's statement, the search warrant described the trailer as beige and white, not brown and white. Id. Counsel further notes that Petitioner voluntarily took police to the location of the crack after being mirandized. Id. Finally, counsel states Petitioner received a deal with the government because Petitioner served as a

---

[1] "Pet." refers to Petitioner's "motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody" found at Doc. # 99. "Memo" refers to Petitioner's "memorandum brief in support of motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255" found at Doc. # 99-1. "Reply" refers to Petitioner's reply to the Government's response in opposition to Petitioner's motion to vacate found at Doc. # 113.

witness in a murder case sometime before this incident and because he had no prior drug record, not because of a problem with the legality of the search. Id.

The case United States v. Owens, 848 F.2d 462 (4th Cir. 1988) is factually similar to the case at hand. In Owens, officers secured a search warrant for apartment number 336 at a specific address in relation to a drug investigation. Id. at 463. After issuance but prior to execution of the warrant, a participant in the drug operation was arrested and confirmed the address noted in the affidavit. Id. He also stated the apartment was on the right side. Id. When police executed the warrant, they realized there was no apartment listed as apartment 336, but there was an apartment 324 on the right side. Id. The apartment was forcibly entered and heroin was seized. Id. The Fourth Circuit noted, "An erroneous description in the warrant . . . does not necessarily invalidate a warrant and subsequent search." Id. quoting United States v. Ridinger, 805 F.2d 818, 819 (8th Cir. 1986). Further, the Court held that while the most prudent course would have been to apply for another warrant which corrected the error, "the officers were justified in their belief that there was a good likelihood that if narcotics were in the apartment they would be destroyed or removed unless immediate action was taken." Id. at 465.

In light of the case law and the facts before this Court, it cannot be said that counsel's representation fell below an objective standard of reasonableness for failing to file a motion to suppress the evidence seized pursuant to the 2002 search warrant. The evidence reflects that both trailers were very similar in color and were located at the same address and on the same parcel of land. If the wrong trailer was in fact listed on the warrant, there is no indication that it was anything more than an honest mistake. Moreover, had a motion to suppress been filed, the caselaw indicates that it would not have been successful. Accordingly, Petitioner was not prejudiced by his counsel's decision not to file a motion to suppress. Finally, Petitioner's

assertion that he was prejudiced by the admission of the 42.2 grams of crack seized during this search is also without merit. Petitioner was charged with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base. Petitioner was found accountable for a total of 1.2 kilograms of crack cocaine. (PSR at ¶ 16). Therefore, even if this evidence had been suppressed, there is no basis to conclude that it would have impacted his conviction or the sentence that he received.

Petitioner contends the January 17, 2007 search and seizure should have been challenged pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Petitioner argues the search was illegal because the affidavit contained false and stale information. (Memo at 8). He notes that the affidavit in support of the warrant stated that within the past seventy-two hours a confidential reliable informant went to his residence and saw a quantity of crack cocaine being stored and sold from his residence. <u>Id.</u> Petitioner asserts that the confidential informant referred to in the affidavit purchased an ounce of cocaine on September 20, 2006, which was the last time that particular individual was at the residence that was searched. <u>Id.</u> Petitioner therefore alleges that the officer knowingly and intentionally provided false information with reckless disregard for the truth.

This Court finds this claim to be meritless. Petitioner conflates the factual basis of the warrant issued for his arrest with those of the warrant for the search of 3330 Case Road. The affidavit in support of the arrest warrant states, "On or about 1/17/07, one Michael Felder did distribute a quantity of cocaine to a confidential informant of the FCSO. This violation took place at Shady Road . . . ." (Aff. in Supp. of Arrest Warrant). The affidavit in support of the search warrant states, "That within the past seventy two hours a confidential reliable informant of the Florence County Sheriff's Office has been to the aforementioned residence and seen a

quantity of crack cocaine being stored and sold from the premise." (Aff. in Supp. of Search Warrant). The trial record suggests that the confidential informant who purchased drugs from Petitioner on January 17, 2007 is not the same confidential informant who, within seventy two hours of January 11, 2007, viewed drugs at 3330 Case Road. The Trial Transcript helps clarify this issue. (Trial Tr. at 124-142). Confusion arises because the confidential informant who purchased drugs from Petitioner on January 17, 2007 testified at trial that the last time he purchased drugs from Petitioner *at 3330 Cash Road* was on September 20, 2006. Id. at 93, 128, and 137. However, as stated, the information relied on in the search warrant in question did not come from this confidential informant, but from another individual. Id. at 137-38. Therefore, it cannot be said that the affiant made a false statement knowingly and intentionally, or with reckless disregard for the truth, in the affidavit in support of the search warrant. As there is no basis for relief pursuant to a Franks motion on this issue, counsel's representation did not fall below an objective standard of reasonableness. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (holding that counsel was under no duty to make a meritless motion). Accordingly, relief on this ground is denied.[2]

**Ground 2:**

Petitioner next contends, "Counsel was constitutionally ineffective for failure to file a pretrial motion in limine to exclude Mr. Felder's state court guilty plea (prior conviction) as substantive evidence of the conspiracy charge, under Fed. R. Evid. 403, 310, and 609 and request a hearing." (Pet at 6). This claim is without merit. Counsel for Petitioner did in fact object to the Government's use of Petitioner's state court guilty plea under Federal Rules of Evidence 404(b)

---

[2] This Court also notes that since the Court finds counsel was not ineffective for failing to file suppression motions, this Court holds counsel was not ineffective for failing to challenge the admissibility of any statements made during the search as statements elicited in connection to an illegal search.

and 403. (Trial Tr. at 25-28). This Court acknowledged that the previous conviction must be analyzed under 404(b) and under United States v. Chin, 83 F.3d 83 (4th Cir. 1996). (Trial Tr. at 28). This Court held, "Whether or not it's intrinsic or 404(b), [the conviction] comes in under either a Chin analysis, and that is what the Government asserts, this is inextricably intertwined, or just a part of the conspiracy." Id. The Court continued, "I find the evidence is intrinsic based on what's been asserted in terms of how it will come up in the trial." Id. at 30 and 33-36. The Court then noted that trial counsel challenged the conviction pursuant to Rule 403, arguing that the conviction is unduly prejudicial. Id. This Court ruled the state court conviction was not unduly prejudicial. Id. at 33. Counsel was not ineffective for failing to object under Fed. R. Evid. 609 because this rule was not applicable. The Government did not use the conviction to impeach the accused during cross examination. Additionally, Fed. R. Evid. 410 is not applicable to this case. Petitioner has failed to point out and this Court, upon its own review of the record, has been unable to find an instance where the Government used a plea or plea discussion in the trial. Accordingly, relief on this basis is denied.

**Ground 3:**

Petitioner argues, "Counsel was constitutionally ineffective for failure to conduct pretrial legal research, file pretrial motions in limine to exclude evidence, to suppress illegally seized evidence and statements, and to explore possible plea agreements, and to explore possible plea agreements after conducting pretrial research, and to advise Mr. Felder of his available options and possible consequences." (Pet. at 8). Part of this challenge readdresses the constitutionality of the two searches previously discussed as well as the admission of his previous conviction. Petitioner argues counsel's "lack of awareness" on these issues caused counsel to give poor

advice with regard to the possibility of a plea. (Memo at 17). These issues have been addressed, and for the reasons previously stated, counsel was not ineffective with regard to these issues.

The only remaining issue is whether counsel failed to explore possible plea agreements and discuss Petitioner's options and consequences. Petitioner contends that counsel's "lack of awareness" deprived him of the "opportunity to enter a guilty plea to a base offense level 34, and to receive a three-level reduction based on acceptance of responsibility pursuant to USSG § 3E1.1 . . . with a criminal history category I . . . ." (Memo at 19). Petitioner contends, "This type of plea offer would have been accepted by Mr. Felder." Id. Petitioner's claim is without merit. This Court notes, "The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case . . . [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision." United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998). However, under Strickland, Petitioner has the burden of persuading this Court by a preponderance of the evidence that his version of his negotiations with trial counsel is more likely true. See Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). Petitioner's assertion that but for counsel's mistakes, he would have pled guilty with a base offense level of 34 and a criminal history category I arguably is contingent upon his other assertions regarding the suppression of evidence and previous convictions. Since this Court finds no error with counsel's advice with regard to those issues, this Court finds no means by which counsel could have negotiated a plea to the criminal history category and offense level suggested by Petitioner. Petitioner has failed to present sufficient evidence to establish that his criminal history category should have been category I and that his base offense level should have been 34. Moreover, counsel for Petitioner states in his affidavit that he met with Petitioner on numerous occasions to discuss the possibility of a plea and a proffer agreement to reduce some of his

exposure. (Aff. of Howard Wayne Floyd at ¶ 2). However, according to counsel, Petitioner "never authorized [him] to enter into any meaningful plea negotiations as [Petitioner] informed [counsel] that he could not admit to things that he did not do. [Petitioner] consistently informed [counsel] that he wanted a jury trial." Id. at ¶ 2. Therefore, this Court holds that counsel for Petitioner was not ineffective for failing to negotiate a plea agreement with the terms suggested by Petitioner.

**Ground 4:**

Petitioner next argues, "counsel was constitutionally ineffective for failure to bring to the court's attention and to cross-examine government witnesses' concerning violating the sequestration rule and to move the court to exclude the government's witnesses from testifying or request a mistrial." (Pet. at 9). Petitioner asserts that he was placed in the women's holding tank because the men's holding tank "was full of government witnesses who were comparing their stories and discussing what they were going to testify to." (Memo at 20). He asserts he told the US Marshalls Service about this issue and his counsel. Id. Petitioner contends that counsel's failure to move to exclude these witnesses and move for a mistrial was in error. Id.

Federal Rule of Evidence 615 states, "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." This rule serves to "prevent the possibility of one witness shaping his testimony to match that given by other witnesses at the trial." U.S. v. McMahon, 104 F.3d 638, 643 (4th Cir. 1997) quoting U.S. v. Leggett, 326 F.2d 613 (4th Cir. 1964).

Trial counsel for Petitioner addresses this issue in his affidavit. He states,

Affiant did not file any kind of Motion concerning the witnesses being held in the same cell as none of the witnesses were present in the courtroom to hear any of the testimony and none of the witnesses testified about anything that any of the other witnesses testified about. Each of the witnesses testified only as to incidents

11

> that occurred between that witness and the Defendant. Also none of the witnesses testified as to anything beyond the information contained in the 302's provided by the government.
>
> (Aff. of Howard Wayne Floyd at ¶ 6).

Additionally, this Court's review of this issue does not provide a basis to conclude that there was fabrication or shaping of testimony among witnesses. The record as asserted reflects that each witness testified to the details of their personal drug transactions with Petitioner, including date, quantity, and location. The details provided from each witness differed from the others. One of the witnesses testified to selling to Petitioner, while three others testified to making purchases from Petitioner. Therefore, this Court holds that counsel was not ineffective for failing to bring to the Court's attention the alleged collusion among witnesses as the asserted record does not support a finding that there was in fact collusion among government witnesses. Even assuming that the witnesses did discuss their anticipated testimony, the Petitioner has not shown that prejudice resulted. Each witness's testimony differed from the others. In addition, the jury heard the testimony of each witness and was in a position to evaluate any collusion. Accordingly, this Court finds no basis to conclude that fabricated testimony led to the conviction in this case. Therefore, this Court finds no basis for relief on this ground.

**Ground 5:**

Petitioner argues, "Counsel was constitutionally ineffective for failure to request the court to give a cautionary jury instruction based on the introduction of Petitioner's guilty plea to a state possession with intent to distribute crack cocaine charge as not being evidence of his guilty on the federal charges." (Pet. at 9b).

At the outset, this Court notes that the Fourth Circuit addressed this issue in Petitioner's appeal. The Fourth Circuit held that the evidence of the prior state conviction was properly

admitted as evidence intrinsic to the charged conspiracy, which does not fall under the 404(b) limitations. United States v. Felder, 08-cr-4383 (4th Cir. 2009) citing Chin, 83 F.3d at 87. Therefore, the Fourth Circuit held that "the district court did not err by declining to issue Felder's Rule 404(b) jury instruction." Id.

A Petitioner may not raise for a second time under the guise of collateral attack issues previously raised and considered on appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Moreover, where a claim is decided on direct review, it cannot be relitigated under § 2255 except in unusual circumstances. Withrow v. Williams, 507 U.S. 680, 720-21 (1993). As explained, the Fourth Circuit directly addressed this issue and determined no jury instruction was necessary under the facts of this case. Moreover, this Court at trial determined the evidence to be intrinsic evidence pursuant to Chin, and concluded no 404(b) instruction was necessary as there was no 404(b) evidence admitted at trial. (Trial Tr. Vol. 3 at 3). Accordingly, this Court finds no basis for relief on this ground.

**Ground 6:**

Petitioner contends, "Counsel was constitutionally ineffective for failure to object to the 21 U.S.C. § 851 enhancement provision on count one the conspiracy offense because the United States entered Mr. Felder's state court guilty plea to possession with intent to distribute crack cocaine as evidence of the conspiracy." (Pet at 9b). Petitioner argues his "state court conviction arose out of the same single criminal episode as the conspiracy offense charged in count one as the United States argued it already had 42.2 grams of crack cocaine of the 50 grams necessary to convict on the conspiracy and it should not have been treated separately for enhancement purposes." (Memo at 27). He continues, "Because Mr. Felder's state court conviction arose out of the same single criminal episode as the conspiracy offense charged in count one, and was

13

evidence of the conspiracy as presented by the government . . . it should not have been treated separately for enhancement purposes." Id. at 28.

This claim is without merit. In United States v. Smith, 451 F.3d 209 (4th Cir. 2006), the defendant-appellant argued his previous convictions could not serve as the basis for his § 851 enhancement because it could not be determined whether these convictions were in fact "prior" convictions to his conspiracy charge. Id. at 224. The Fourth Circuit noted that the appellant's 1996 and 1997 convictions occurred within the conspiracy period. Id. The Fourth Circuit then held, "When a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final." Id. The record reflects that the conspiracy for which Petitioner was convicted continued well after his 2002 conviction was final. Accordingly, any objection counsel made to the enhancement would have been without merit. Therefore, counsel was not ineffective in this regard, and the Court denies relief on this basis.

**Ground 7:**

Petitioner argues, "Counsel was constitutionally ineffective for failing to move for a judgment of acquittal on count one because the United States failed to prove that Mr. Felder conspired to possess with intent to distribute 50 grams or more of crack cocaine with intent to distribute. Alternatively, counsel was ineffective for failing to move the court to impose sentence under 21 U.S.C. § 841(b)(1)(B) as opposed to § 841(b)(1)(A)." (Pet. at 9b).

The record indisputably reflects that Petitioner's counsel moved for judgment of acquittal on the basis that there was insufficient evidence to show Petitioner was involved in a conspiracy. (Trial Tr. Vol. 2 at 179). The Government responded that seven witnesses stated that they

repeatedly either sold or bought cocaine from Petitioner, that drugs were found at Petitioner's house, that drugs were found in a shed he allegedly used to store drugs before a sale, and that controlled purchases were made. Id. at 180-81. This Court denied the motion. Id. at 181. The Court stated there was sufficient evidence to submit the case to the jury, and then the Court summarized the testimony of several of the witnesses that testified against Petitioner. Id. at 181-184. The Court also noted the standard to apply when determining if sufficient evidence exists for a jury to convict a defendant of conspiracy. Id. at 184. After further testimony, counsel for Petitioner renewed his motion for judgment of acquittal. Id. at 204. The Court denied the motion for the same reasons it previously stated on the record. Since it is clear that counsel for Petitioner in fact did move for a judgment of acquittal, it cannot be said that he provided ineffective assistance of counsel for failure to move for a judgment of acquittal. Moreover, no valid objection could have been made challenging Petitioner's sentence pursuant to 21 U.S.C. § 841(b)(1)(A) instead of § 841(b)(1)(B). Accordingly, this Court denies relief on this basis.

**Ground 9:**

Petitioner next asserts, "Counsel was constitutionally ineffective for failure to obtain grand jury testimony transcript <u>Jencks</u> material to use for impeachment purposes of the government witnesses during trial; and the United States withheld <u>Jencks</u> material for its witnesses who testified before the grand jury and trial which deprived petitioner of a fair trial and warrants a new trial." (Pet at 9c). Petitioner also notes that he moves "for discovery pursuant to Rule 6, governing 28 U.S.C. § 2255 proceedings for the grand jury transcripts for all witnesses who testified before the grand jury and during trial so that he can establish prejudice for this claim and fully brief it." (Memo at 36).

15

Petitioner has provided nothing more than his own statements to support his assertion that the testimony of those who testified before the grand jury would show he was prejudiced by his counsel's alleged failure to request Jencks material. Assuming that counsel did in fact fail to make such a request, Petitioner has not shown he was prejudiced by this mistake. Rule 6(a) of the Rules Governing Section 2255 Proceedings states, "A judge may, for good cause, authorize a party to conduct discovery . . . ." Rule 6(b) explains, "A party requesting discovery must provide reasons for the request." "Petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence." Hall v. United States, 30 F.Supp.2d 883, 899 (E.D. Va 1998) quoting Munoz v. Keane, 777 F.Supp. 282, 287 (S.D.N.Y. 1991). Petitioner's bald assertion that transcripts of the witnesses from the grand jury proceeding could have been used to impeach witnesses at trial is insufficient to establish that he was actually prejudiced. The weight of the evidence presented against Petitioner at trial proved substantial. Accordingly, Petitioner has not satisfied the prejudice prong under Strickland and this Court denies relief on this basis.

**Ground 8:**

Finally, Petitioner argues, "This Court should reconsider Mr. Felder's claim that the indictment should have been dismissed with prejudice because of the speedy trial violation in light of the Supreme Court decision in Bloate v. United States, under Sanders and Davis." (Pet. at 9b). Petitioner argues his trial "was not within the seventy days of his arraignment and his motion to dismiss for violating the Speedy Trial Act should have been granted in light of Bloate." (Memo at 38). He asserts that the Government argued twelve days were excluded under the Act because a detention hearing was held on April 26, 2007, and the Court did not issue its order until May 4, 2007. Id. Petitioner argues that the Court should have excluded only the days

Petitioner actually appeared in court because the matter was not under advisement as required to be excluded. Id.

"The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*., requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met § 3162(a)(2). Bloate v. United States, 130 S.Ct. 1345, 1349 (2010). However, the act "excludes from the 70-day period delays due to certain enumerated events. Id. In Bloate, the Court held that the time a district court grants a petitioner to prepare his pretrial motions is not automatically excludable under (h)(1), and that "such time may be excluded only when a district court enters appropriate findings under subsection (h)(7). Id. at 1352.

The Government makes several arguments in response. The Government first disputes that Bloate's holding even applies in this case. The Government next points out that because the Supreme Court did not make Bloate's holding retroactive to cases on collateral review, Petitioner would not be entitled to relief in any event. The Government notes that when a Supreme Court decision results in a "new rule," that rule applies to all criminal cases still pending on direct review, but it applies only in limited circumstances to convictions that are already final. See Schriro v. Summerlin, 542 U.S. 348, 351 (2004) citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987). The Government notes that substantive rules include decisions that narrow the scope of a criminal statute or constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Id. at 251-52. A new procedural rule generally does not apply retroactively unless it is a "watershed rule of criminal procedure implicating the fundamental accuracy and fairness of the criminal proceeding." Id. citing Saffle v. Parks, 494

U.S. 484 (1990). The Government further notes that to be retroactive, a new rule of procedure must be one "without which the likelihood of an accurate conviction is seriously diminished." Id.

The Government contends <u>Bloate</u> created a new procedural rule. It argues the holding does not narrow the scope of a criminal statute, but simply affects how the 70 days allotted by the Speedy Trial Act for the Government to bring a defendant to trial after arraignment will be calculated.

Additionally, and finally, the Government argues that Petitioner should be precluded from even raising the Speedy Trial Act issue on this § 2255 action because that issue was already raised, considered on appeal and decided against him. See <u>United States v. Felder</u>, No. 08-4383 (4th Cir. 2009) (finding no reversible error by this Court in denying Petitioner's motion to dismiss under the Speedy Trial Act).

This Court finds the Government's analysis persuasive. This Court holds that even assuming, <u>arguendo</u>, that <u>Bloate</u> bears on this Court's prior Speedy Trial Act determination, the decision in <u>Bloate</u> is not of the type which necessitates retroactive application to cases on collateral review. Nor may this Petitioner legitimately press for a second time under the guise of a collateral attack an issue previously raised and considered on appeal. Accordingly, relief on this basis is denied.

**Supplemental Citations**

This Court notes that on January 5, 2011, Petitioner filed with the Court a document titled, "Supplemental Citations of Authority in Support of Claims Raised in 28 U.S.C. § 2255 Motion and for Claims to be Amended Based on Intervening Change in Law by the Supreme Court." (Doc. # 115). This Court has fully reviewed the supplemental citations as well as the copy of the GS disposition sheet previously filed by Petitioner. (Doc. # 114-2). This Court finds

no additional information has been provided which warrants relief in this case. Petitioner was sentenced to five years, suspended to four years probation. Accordingly, this Court finds that Petitioner's sentence was properly enhanced pursuant to 21 U.S.C. § 851.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 99), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 107), and this action is **DISMISSED**, with prejudice. The Court **GRANTS** Petitioner's motion for extension of time, (Doc. # 111), and the Government's motion to supplement response, (Doc. # 112). Additionally, Petitioner's motion to strike the Government's motion for summary judgment, (Doc. # 110), and Petitioner's motion for evidentiary hearing, (Doc. # 114), are **DENIED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is appropriate to issue a certificate of appealability as to the issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____<br>
TERRY L. WOOTEN<br>
United States District Judge

October 25, 2011
Florence, South Carolina