IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Jerome Felder, ) | Civil Action No. 4:10-70188-TLW | |
| ) | Criminal No. 4:07-203-TLW-1 | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | ORDER | |
| ) | | |
| The United States of America, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

By Order filed November 3, 2011, this Court issued an Order denying the Petitioner's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. # 118). Subsequently, the Petitioner filed a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. # 121).

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a]ny motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a Motion to Alter or Amend a Judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396,403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)).

Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the Petitioner's motion as well as other relevant filings in this case and concludes that there is no basis under Rule 59(e) for this Court to modify its Order of November 3, 2011. (Doc. # 118). In support of his motion, Petitioner cites the recent Fourth Circuit case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), as new law not available to him at the time that he filed his § 2255 petition. (Doc. # 121). However, Simmons does not constitute an intervening change in controlling law in Petitioner's case. Unlike the marijuana conviction at issue in Simmons, there is no debate in this case that Petitioner's prior conviction for Possession with Intent to Distribute Cocaine, which was used as the basis for enhancement of his sentence, was a felony offense punishable by a term of incarceration of greater than one year. (Doc. # 29). Simmons is inapposite and the Petitioner's motion is therefore **DENIED**. (Doc. # 121).

    **IT IS SO ORDERED**.

    s/Terry L. Wooten_____
    TERRY L. WOOTEN
    United States District Judge

December 9, 2011
Florence, South Carolina